UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THOMAS ALEXANDER BRANDENSTEIN, and<br>JOHN-PHILIPP PIEHL-BRANDENSTEIN,<br><br>Defendants. | **INDICTMENT**<br><br>24 Cr. ___ ( )<br><br>**24 CRIM 121** |

## COUNT ONE
### (Coercion and Enticement of a Minor)

The Grand Jury charges:

1.      From at least in or about March 2023 through in or about July 2023, in the Southern District of New York and elsewhere, THOMAS ALEXANDER BRANDENSTEIN and JOHN-PHILIPP PIEHL-BRANDENSTEIN, the defendants, knowingly, using a facility and means of interstate and foreign commerce, persuaded, induced, enticed, and coerced an individual who had not attained the age of 18 years to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do so, to wit, BRANDENSTEIN and PIEHL-BRANDENSTEIN, while in Germany, on numerous occasions, used a phone, computer, and the Internet, to persuade, induce, and entice a 15-year-old minor (the "Minor Victim") to engage in unlawful sexual activity with BRANDENSTEIN and PIEHL-BRANDENSTEIN in Manhattan, New York, in violation of New York Penal Law Sections 130.25, 130.40, and 130.55.

(Title 18, United States Code, Sections 2422(b) and 2.)

## COUNT TWO
### (Coercion and Enticement of a Minor)

The Grand Jury further charges:

2.  From at least in or about July 2023 through in or about September 2023, in the Southern District of New York and elsewhere, THOMAS ALEXANDER BRANDENSTEIN, the defendant, knowingly, using a facility and means of interstate and foreign commerce, persuaded, induced, enticed, and coerced an individual who had not attained the age of 18 years to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do so, to wit, BRANDENSTEIN, while in Germany, on numerous occasions, used a phone, computer, and the Internet, to persuade, induce, and entice the Minor Victim, who was then 15 years old, to engage in unlawful sexual activity with BRANDENSTEIN, in violation of New York Penal Law Sections 130.25, 130.40, and 130.55.

(Title 18, United States Code, Sections 2422(b) and 2.)

## COUNT THREE
### (Sexual Exploitation of a Child)

The Grand Jury further charges:

3.  From in or about July 2023 through in or about September 2023, in the Southern District of New York and elsewhere, THOMAS ALEXANDER BRANDENSTEIN and JOHN-PHILIPP PIEHL-BRANDENSTEIN, the defendants, knowingly employed, used, persuaded, induced, enticed, and coerced a minor to engage in sexually explicit conduct, and conspired to do so, for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and the visual depiction was produced and transmitted using materials that had been

mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, to wit, BRANDENSTEIN and PIEHL-BRANDENSTEIN agreed to and did induce the Minor Victim, who was then 15 years old, to engage in sexually explicit conduct in Manhattan, New York, and took sexually explicit photographs and videos of the Minor Victim knowing or having reason to know that such visual depictions would be transported and transmitted over the Internet.

(Title 18, United States Code, Section 2251(a) and (e).)

## FORFEITURE ALLEGATIONS

4. As a result of committing the offense alleged in Count One of this Indictment, THOMAS ALEXANDER BRANDENSTEIN and JOHN-PHILIPP PIEHL-BRANDENSTEIN, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428, any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offense; and any and all property, real or personal, that was used or intended to be used to commit or facilitation the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

5. As a result of committing the offense alleged in Count Two of this Indictment, THOMAS ALEXANDER BRANDENSTEIN, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428, any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offense; and any and all property, real or personal, that was used or intended to be used to commit or

facilitate the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

6. As a result of committing the offense alleged in Count Three of this Indictment, THOMAS ALEXANDER BRANDENSTEIN and JOHN-PHILIPP PIEHL-BRANDENSTEIN, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, any and all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from said offense and any and all property, real or personal, used or intended to be used to commit or promote the commission of said offense or traceable to such property, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

7. If any of the above described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 2253 and 2428;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney

March 4, 2024 - Wheel B.
J. Kaplan /oan